IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW D. LATTA,
    Plaintiff,

v.    2:11-cv-1622

U.S. STEEL - EDGAR THOMPSON PLANT,
    Defendant.

## MEMORANDUM ORDER

Now pending before the Court is the MOTION TO DENY DEFENDANT'S TAXATION OF COSTS (ECF No. 38) filed by Plaintiff Andrew D. Latta ("Latta"), with brief in support. Defendant U.S. Steel filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

Latta filed two separate employment discrimination cases, which were consolidated. In his first Complaint, he asserted claims based on the denial of his bid for an Operating Technician I job in September 2010 based on: (1) violation of the Americans With Disabilities Act ("ADA"); (2) retaliation under the ADA and Pennsylvania Human Relations Act ("PHRA"); (3) violation of the Age Discrimination in Employment Act ("ADEA"); and (4) a hostile work environment under the ADA and ADEA. In his second Complaint, Latta asserted claims based on the events of July-September 2011 (a heat-related episode) for: (1) violation of the ADA; (2) retaliation under the ADA and Family and Medical Leave Act ("FMLA"); (3) violation of the FMLA; and (4) hostile work environment under the ADA and FMLA. On December 4, 2013, the Court granted summary judgment to U.S. Steel on all claims.

As the prevailing party, U.S. Steel submitted a bill of costs in the amount of $4,182.33. After consideration of Latta's objections, the Clerk of Court taxed costs in the reduced amount of $2,206.81. In the pending motion, Latta now contends that <u>no</u> costs should be awarded.

Legal Analysis

The taxation of costs by the Clerk is subject to *de novo* review by the district court. *Reger v. Nemours Found. Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000)). Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As stated, the Rule creates a "strong presumption" that all costs authorized for payment will be awarded to the prevailing party. *Reger,* 599 F.3d at 288. (quoting *In re Paoli*, 21 F.3d at 461). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Id.* (quoting *In re Paoli*, 21 F.3d at 462-63). Therefore, the burden rests with the non-prevailing party. *See id.*

A district court may consider the following factors in reviewing the Clerk's award of costs: (1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) the losing party's potential indigency or inability to pay the full measure of a costs award levied against them. *In re Paoli*, 221 F.3d at 468. In contrast, a district court may not consider "'(1) the losing parties' good faith in pursuing the instant litigation; (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in

2

wealth between the parties." *Id.* at 462. If a district court "denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Reger*, 599 F.3d at 288 (citing *In re Paoli*, 221 F.3d at 468). "This is so because the denial of such costs is akin to a penalty." *Id.* (citation omitted).

Latta has failed to overcome the presumption that costs should be taxed in this case. Latta has not alleged unclean hands or any dilatory tactics by U.S. Steel. Nor has Latta provided any evidence of his indigence or inability to pay. To the contrary, his motion reflects that he is currently receiving Workers Compensation of $845.00 per week and retains the seniority right to return to work at U.S. Steel upon his recuperation. Latta has not submitted an affidavit or other evidence of his financial condition. Instead, Latta's argument invites the Court to deny costs based on the alleged "chilling effect" and the wealth disparity between the parties. The Court declines to reduce costs based on those factors.

Conclusion

In accordance with the foregoing, the MOTION TO DENY DEFENDANT'S TAXATION OF COSTS (ECF No. 38) filed by Plaintiff Andrew D. Latta is hereby **DENIED**.

SO ORDERED this 16th day of April, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Sean Alan Casey, Esquire**
Email: sean@caseylegal.com

**Anthony F. Jeselnik, Esquire**
Email: afjeselnik@uss.com